*Wickham*

MIN #

**THIS IS AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6),
ARTICLE XVI OF THE TEXAS CONSTITUTION**

# TEXAS HOME EQUITY NOTE
# (Fixed Rate - First Lien)

| AUGUST 27, 2008 | WICHITA FALLS | TEXAS |
|---|---|---|
| *[Date]* | *[City]* | *[State]* |

**3249 SOUTHWEST DRIVE, WICHITA FALLS, TEXAS 76306**
*[Property Address]*

**1.     BORROWER'S PROMISE TO PAY**

This is an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution (the "Extension of Credit"). In return for the Extension of Credit that I have received evidenced by this Note, I promise to pay U.S. **$51,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **PRIMEWEST MORTGAGE CORPORATION**. I will make all payments under this Note in the form of cash, check, or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

I understand that this is not an open-end account that may be debited from time to time or under which credit may be extended from time to time.

The property described above by the Property Address is subject to the lien of the Security Instrument executed concurrently herewith (the "Security Instrument").

**2.     INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **7.250%**. It is agreed that the total of all interest and other charges that constitute interest under applicable law shall not exceed the maximum amount of interest permitted by applicable law. Nothing in this Note or the Security Instrument shall entitle the Note Holder upon any contingency or event whatsoever, including by reason of acceleration of the maturity or Prepayment of the Extension of Credit, to receive or collect interest or other charges that constitute interest in excess of the highest rate allowed by applicable law on the Principal or on a monetary obligation incurred to protect the property described above authorized by the Security Instrument, and in no event shall I be obligated to pay interest in excess of such rate.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

---

Form 3244.1 01/01 (Rev. 10/03)
HE1304TX 08/00 Rev. 10/05
©2003, The Compliance Source, Inc.

**BARCODE**

# EXHIBIT A

3. **PAYMENTS**
   **(A) Time and Place of Payments**
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the **1st** day of each month beginning **OCTOBER 1, 2008.** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **SEPTEMBER 1, 2038,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at **7806 Indiana Avenue, Lubbock, Texas, 79423** or at a different place if required by the Note Holder.
   **(B) Amount of Monthly Payments**
   My monthly payment will be in the amount of U.S. **$347.91.**

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes. Should the Note Holder agree in writing to such changes, my payments thereafter will be payable in substantially equal successive monthly installments.

5. **LOAN CHARGES**
   All agreements between Note Holder and me are expressly limited so that any interest, loan charges or fees (other than interest) collected or to be collected from me, any owner or the spouse of any owner of the property described above in connection with the origination, evaluation, maintenance, recording, insuring or servicing of this Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by applicable law.
   If a law, which applies to this Extension of Credit and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this Extension of Credit exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder will make this refund by making a payment to me. **The Note Holder's payment of any such refund will extinguish any right of action I might have arising out of such overcharge.**
   It is the express intention of the Note Holder and me to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. If, from any circumstance whatsoever, any promise, payment, obligation or provision of this Note, the Security Instrument or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by applicable law, then such promise, payment, obligation or provision shall be reduced to the limit of such validity or eliminated as a requirement, if necessary for compliance with such law, and such document may be reformed by written notice form the Note Holder without the necessity of the execution of any new amendment or new document by me.
   The provisions of this Section 5 shall supersede any inconsistent provision of this Note or the Security Instrument.

Texas Home Equity Note (Fixed Rate - First Lien) - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3244.1 01/01 (Rev. 10/03)
—THE COMPLIANCE SOURCE, INC.—    Page 2 of 5    HEI3001TX 08/00 Rev. 10/03
www.compliancesource.com    ©2003, The Compliance Source, Inc.

**BARCODE**

6.     **BORROWER'S FAILURE TO PAY AS REQUIRED**

       **(A) Late Charge for Overdue Payments**

       If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen (15)** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **five percent (5%)** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

       **(B) Default**

       If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

       **(C) Notice of Default**

       If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means. This Note may not be accelerated because of a decrease in the market value of the property described above or because of the property owner's default under any indebtedness not evidenced by this Note or the Security Instrument.

       **(D) No Waiver By Note Holder**

       Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

       **(E) Payment of Note Holder's Costs and Expenses**

       If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees. I understand that these expenses are not contemplated to be incurred in connection with maintaining or servicing this Extension of Credit.

7.     **GIVING OF NOTICES**

       Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

       Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address. However, if the purpose of the notice is to notify Note Holder of failure to comply with Note Holder's obligations under this Extension of Credit, or noncompliance with any provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, then notice by certified mail is required.

8.     **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

       Subject to the limitation of personal liability described below, each person who signs this Note is responsible for ensuring that all of my promises and obligations in this Note are performed, including the payment of the full amount owed. Any person who takes over these obligations is also so responsible.

       I understand that Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that this Note is given without personal liability against each owner of the property described above and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud. This means that, absent such actual fraud, the Note Holder can enforce its rights under this Note solely against the property described above and not personally against any owner of such property or the spouse of an owner.

       If this Extension of Credit is obtained by such actual fraud, I will be personally liable for the payment of any amounts due under this Note. This means that a personal judgment could be obtained against me if I fail to perform my responsibilities under this Note, including a judgment for any deficiency that results from Note Holder's sale of the property described above for an amount less than is owing under this Note.

If not prohibited by Section 50(a)(6)(C), Article XVI of the Texas Constitution, this Section 8 shall not impair in any way the right of the Note Holder to collect all sums due under this Note or prejudice the right of the Note Holder as to any promises or conditions of this Note.

**9.    WAIVERS**

**I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor.  "Presentment" means the right to require the Note Holder to demand payment of amounts due.  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.**

**10.    SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, the Security Instrument, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.  The Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of those conditions are described as follows:

> If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

> If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**11.    APPLICABLE LAW**

This Note shall be governed by the law of Texas and any applicable federal law.  In the event of any conflict between the Texas Constitution and other applicable law, it is the intent that the provisions of the Texas Constitution shall be applied to resolve the conflict.  In the event of a conflict between any provision of this Note and applicable law, the applicable law shall control to the extent of such conflict and the conflicting provisions contained in this Note shall be modified to the extent necessary to comply with applicable law.  All other provisions in this Note will remain fully effective and enforceable.

**12.    NO ORAL AGREEMENTS**

**THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES.  THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS
DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE
LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A
COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]

_____ (Seal)          _____ (Seal)
MICHAEL WICKHAM          -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                 -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF
*Cm Mortgage llc*
Without recourse
PRIMEWEST MORTGAGE CORPORATION
BY:

JASON TUBBS, Mortgage Banking Officer

Pay to the order of

without recourse on us CitiMortgage, Inc.
F/K/A Citicorp Mortgage, Inc.
D/B/A Citicorp Mortgage, Inc in NM, on it's own
behalf or as Attorney-In-Fact for: Citibank FSB;
Citibank (New York State), Citibank (Nevada), NA;
Citibank, NA F/K/A Citibank (West) FSB

Janet L. Sims, Senior Vice President
CitiMortgage, Inc.

---

Texas Home Equity Note (Fixed Rate - First Lien) - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3244.1 01/01 (Rev. 10/03)
—THE COMPLIANCE SOURCE, INC.,—                          Page 5 of 5                    HE33001TX 08/00 Rev. 10/03
www.compliancesource.com                                                              ©2003, The Compliance Source, Inc.

**BARCODE**